# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4210

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PHILLIP BOYD MCLEOD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:07-cr-00062-BO-1)

Submitted:  November 29, 2017                     Decided:  December 7, 2017

Before SHEDD, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leza Lee Driscoll, LAW OFFICE OF LEZA LEE DRISCOLL, PLLC, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Boyd McLeod appeals the district court's judgment revoking and terminating supervised release and sentencing him to 60 months' imprisonment. McLeod contends that the district court clearly erred in finding that he possessed cocaine in violation of the terms of supervision. He also contends that the court erred in finding that his violations for speeding to elude arrest with a motor vehicle and assault with a deadly weapon on a government official were Grade A violations under the Sentencing Guidelines. Additionally, he contends that the court failed to properly justify the sentence. We affirm.

We review a sentence imposed as a result of a supervised release violation to determine whether the sentence is plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 438-39 (4th Cir. 2006). To determine whether a revocation sentence is plainly unreasonable, we consider whether the sentence is procedurally or substantively unreasonable. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *Id.* (footnote omitted). The sentence is substantively reasonable "if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (brackets and internal quotation marks omitted).

The Government urges us to apply "assumed error harmlessness" analysis. This analysis originates from two bases: (1) procedural errors at sentencing are typically

2

reviewed for harmless error and (2) a reviewing court commonly assumes, without deciding, that there is error. *United States v. Savillon-Matute*, 636 F.3d 119, 123-24 (4th Cir. 2011). "[R]ather than review the merits of each of [an appellant's] challenges, we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted); *see also United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.) (assuming procedural sentencing error and examining whether error affected sentence), *cert. denied*, __ S. Ct. __, 2017 WL 2909366 (U.S. Oct. 2, 2017) (No. 17-5092).

"[A]ssumed harmlessness inquiry requires (1) knowledge that the district court would have reached the same result even if it had decided the guidelines issue the other way, and (2) a determination that the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." *Savillon-Matute*, 636 F.3d at 123 (ellipsis and internal quotation marks omitted). The error will be deemed harmless only if we are certain of these two factors. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012) (declining to find harmless error where unable to state with certainty that district court would have imposed same sentence).

The assumed error harmlessness inquiry does not require the district court to have announced that it would impose the same sentence even if the contested Guidelines issues fell in the defendant's favor. *Savillon-Matute*, 636 F.3d at 124. The inquiry "is an appellate tool that we utilize in appropriate circumstances to avoid the empty formality of an unnecessary remand where it is clear that an asserted guideline miscalculation did not affect the ultimate sentence." *United States v. Hargrove*, 701 F.3d 156, 163 (4th Cir. 2012)

3

(internal quotation marks omitted).  Upon our review of the revocation hearing transcript and the court's written order, we conclude that the court would have imposed the same sentence even if McLeod's claims fell in his favor and his highest violation was only Grade B.  We also conclude that the 60-month sentence is reasonable, given the seriousness of the violation.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4